UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02259-WYD

JEFFREY P. GARVER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

## ORDER

THIS MATTER is before the Court in connection with Plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (filed June 7, 2011).  Plaintiff seeks an award of attorney's fees in the amount of $12,363.41 and expenses of $22.02 under the Equal Access to Justice Act ["EAJA"], and attaches documentation in support of the motion.[1]  Defendant filed a response on June 21, 2011, and Plaintiff filed a reply on July 14, 2011.

Turning to my analysis, the EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable

---

[1]  According to the documentation, Plaintiff's counsel incurred 86.2 hours of attorney time at $179.41 per hour and his paralegal incurred .5 hours of time at $50.00 an hour, for a total of $15,454.26 in fees.  Plaintiff's counsel has reduced the fees sought by 20% (a reduction of $3,090.85), and now seeks $12,363.41 in fees.  See Pl.'s Application at 12.

person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, the government's position must have had a reasonable basis in both law and fact. *Id.* The burden of establishing that the government's position was substantially justified rests with the government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

In the case at hand, the Commissioner does not assert that the ALJ's decision was substantially justified or that special circumstances make an award of fees unjust. He also does not dispute that Plaintiff is the prevailing party. Thus, I find that these issues are conceded, and that Plaintiff is entitled to an award of attorney fees under the EAJA. Instead, the Commissioner objects only to the hourly rate of Plaintiff's counsel and the number of hours expended in the case as excessive.

I first address the hourly rate of $179.41 that Plaintiff requests in connection with his fees. Defendant argues that Plaintiff's attorney arbitrarily chose an hourly rate for his services based on the Consumer Price Index (CPI) for March 2011, almost 12 months after he completed most of his legal services on Plaintiff's behalf. Turning to my analysis, it is undisputed that the EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases. *See* 28 U.S.C. § 2412(d)(2)(A). The issue is what hourly rate should be applied, which depends on when the services were "incurred" by the prevailing party. (*Id.*) Thus, I must determine when attorney fees and costs were incurred in this case.

Defendant cites to a Ninth Circuit case holding that "[a]ppropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI-U") *for the years in which counsel's work was performed*, and then dividing by the CPI-U figure for March 1996, the

-2-

effective date of EAJA's $125 statutory rate. *See Sorenson v. Mink,* 239 F.3d 1140, 1148 (9th Cir. 2001) (emphasis added). Defendant thus suggests that $173.37 is a more appropriate hourly rate as it is based on the period for which Plaintiff's counsel performed legal services in this case. Plaintiff asserts in response that since attorneys can only collect fees in a social security case after the claimant has been successful and the Court has approved a fee, the fee should be the rate at the time the attorney prevails in the case through a court order of remand- in this case, March 2011. I find that the plain language of the statute supports Defendant's argument—that the rate should be the time frame in which the attorney fees were actually incurred, *i.e.*, when the attorney performed the work. Thus, I will award fees for Plaintiff's counsel at the rate suggested by Defendant of $173.37, and deny Plaintiff's request to be reimbursed at the higher rate.

The next issue is the amount of fees that should be awarded. On that issue I must look at the number of hours expended in the case. The Commissioner asserts that the 86.2 hours Plaintiff's counsel spent litigating this case is excessive, particularly for an attorney with almost 30 years litigating social security cases. He further asserts that this time is excessive even considering counsel's 20% reduction of time when compared with the average social security case. The Commissioner argues that reasonable fees in this case should be $6,934.80 for 40 hours of attorney work.

In determining whether the fees are excessive, I must determine whether the hours spent representing the Plaintiff were "reasonably expended." *See Blum v. Stenson*, 465 U.S. 886, 901 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); see also 28 U.S.C. § 2412(d)(2)(A). "A district court should approach this reasonableness

inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 545, 555 (10th Cir. 1983)).  In making this determination, the court should "examine hours allotted to specific tasks." *Ramos*, 713 F.2d at 554.

In reviewing the itemization of services and fees attached to Plaintiff's motion, I find that the amount of hours expended by counsel is reasonable given the nature of the case and should not be reduced.  I first address the Commissioner's argument that the seven hours Plaintiff's counsel spent researching and writing multiple drafts of the complaint is excessive as the complaint in social security cases is a boilerplate document.  I reject this argument.  The complaint in this case was not a mere "boilerplate" document.  As even the Commissioner recognizes, Plaintiff's counsel filed an extensive (40 page) complaint that, essentially, laid out the arguments for his brief.  This served to put the government on notice of the actual issues in the case, and I find that the time incurred was reasonable.

I also find that the time spent on the opening and reply briefs in this case was reasonable.  Plaintiff's counsel spent 38.3 hours drafting the opening brief and 24.3 hours preparing his reply brief.  The briefs were detailed in nature and lengthy, and Plaintiff asserted a number of claimed errors on the part of the Commissioner.  Indeed, the opening brief was 48 pages in length; Defendant's response was 39 pages; and the reply was 29 pages.  Plaintiff raised 22 separate issues of error in the briefs.  The Court's Order of 36 pages was also relatively lengthy.  While fees should not be based on the

length of the parties' submissions, this does demonstrate the number of issues in the case and the complexity of those issues.

The Commissioner also argues that Plaintiff's counsel billed excessively for other case-related tasks. For example, counsel billed almost a half an hour for a telephone call to obtain agency counsel's consent for an extension of time to file Plaintiff's reply brief, which motion for extension of time was filed one month *before* he received Defendant's response brief. Also, Plaintiff's counsel billed an hour and 10 minutes for correspondence related to this routine motion for extension of time. Plaintiff's counsel points out, however, that the time was reasonably incurred under the circumstances given the fact that he was going to be out of the country when the reply was due and that it took time to find counsel for the government that could confer on the motion. Given these circumstances, I find that the time incurred on this task was not unreasonable.

It is also argued by the Commissioner that Plaintiff's counsel included charges for redundant or unnecessary tasks. For example, the Commissioner asserts that counsel billed 4.9 hours for downloading, drafting, and providing instructions to complete Plaintiff's in forma pauperis motion. The Commissioner argues that this amount is excessive for an experienced attorney and is also redundant because Plaintiff's counsel performed the same task in another case in May 2009. Despite his experience and prior research, Plaintiff's counsel did not correctly file the in forma pauperis forms and charged his client for this oversight. In response, Plaintiff points out that the time spent in this case on the in forma pauperis forms is not redundant to that performed in the other case referenced by Defendant, as the two cases involved different issues. Thus, the only

issue is whether the fees are excessive.  While slightly high, I do not find that the fees are unreasonable and will not reduce the amount of these fees.

Finally, the Commissioner contends that other hours billed by Plaintiff's counsel were not necessary to the resolution of this case or were purely clerical tasks.  For example, the Commissioner points out the fact that Plaintiff's counsel charged for dictation and review of that dictation at an attorney rate.  He also charged for computing deadlines, giving instructions and reminders, and for multiple phone conferences, some of which were purely clerical in nature.  Finally, the Commissioner asserts that other calls were made in the ordinary course of business and were unnecessary for the resolution of this case.  He argues that Plaintiff's counsel should not be compensated for the myriad unnecessary or redundant tasks included in his application for fees under the EAJA.

I reject these arguments as well.  I reviewed in detail the itemization of fees Plaintiff's counsel attaches to his motion.  While counsel has charged at times for dictation of a brief or for the proofreading of same, I do not find that this is improper or is necessarily clerical in nature.  Further, Plaintiff's counsel represents in the reply brief that none of the fees sought are for clerical tasks, and I am unable to determine that any of the time incurred was spent on items that were unnecessary for the resolution of the case, as argued by the Commissioner.

In closing, I decline to reduce the hour of fees that Plaintiff's counsel wishes to be reimbursed for, finding that the fees sought are reasonable and are not excessive.  In so finding, I note that Plaintiff's counsel provided quality representation and addressed some rather complex issues not normally encountered in social security cases, such as visual limitations and whether the vocational testimony about jobs that Plaintiff could

purportedly perform coincided with the job descriptions in the Dictionary of Occupational Titles.  Further support for my finding of reasonableness is the fact that Plaintiff's counsel has agreed to reduce his fee by 20% to account for any redundant or excessive work and to alleviate any concern about the reasonableness of the time expended.

Accordingly, Plaintiff's counsel will be awarded fees for the full number of hours requested in the motion, but attorney fees will be reimbursed at the rate of $173.37 per hour rather than the hourly rate requested by counsel.  Counsel originally spent 86.2 hours of attorney time.  Reducing that amount by 20% per Plaintiff's counsel's agreement results in 69 hours of attorney time to be reimbursed at the rate of $173.37.  This amounts to an award of attorney fees of $11,962.53.  Adding the paralegal time of .5 hours of time at $50.00 an hour ($25.00), the total of fees awarded is $11,987.53.  When expenses in the amount of $22.02 are added, the grand total to be awarded to Plaintiff is $12,009.55 in attorney's fees and expenses.  It is therefore

ORDERED that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, filed May 29, 2009 (ECF No. 18) is **GRANTED** consistent with this Order.  Plaintiff is awarded **$11,987.53** in attorney fees plus **$22.02** in expenses, totaling **$12,009.55**.

Dated:  October 13, 2011

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge